IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

HERMAN WILLIAMS, III,

    Plaintiff,

VS.

Officer PATILLO, *et al.*,

    Defendants.

NO. 7:10-CV-142 (HL)

**ORDER & RECOMMENDATION**

Plaintiff **HERMAN WILLIAMS, III**, an inmate at Baldwin State Prison ("BSP") in Hardwick, Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. He has paid the required initial partial filing fee of $4.75, as previously ordered by this Court. Plaintiff will be obligated to pay the unpaid balance of $345.25, as will be directed later in this Order and Recommendation. The Clerk of Court is directed to send a copy of this order to the business manager of BSP.

*I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include

"enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff brings this section 1983 lawsuit relating to events that occurred while plaintiff was confined at Valdosta State Prison ("VSP"). Plaintiff names the following defendants: (1) Warden Danforth; (2) Deputy Warden Orr; (3) Lieutenant Walker; (4) Sergeant Jones; (5) Officer Patillo; (6) Officer Roberts; (7) Officer Askew; (8) Lieutenant Terrell; (9) inmate Charles Fletcher.

Plaintiff alleges that inmate Charles Fletcher attacked plaintiff on May 17, 2010, and that the attack resulted from a lack of screening on the part of defendant Officers Patillo and Roberts. According to plaintiff, Patillo and Roberts were assigned to plaintiff's dormitory, with responsibility for physically searching all inmates entering that dormitory. Plaintiff complains that, not only did Patillo and Roberts fail to search Fletcher upon his entry to plaintiff's dormitory, but also they witnessed Fletcher strike plaintiff in the back of his head with a combination lock and failed to call an "emergency code," all in violation of Georgia Department of Correction's Standard Operating Procedures.

Plaintiff claims that Lieutenant Walker and Sergeant Jones were notified of the attack after it occurred, and that Walker escorted plaintiff to medical, where plaintiff received six staples.

Plaintiff complains that, following the attack, Officer Askew "knowingly placed [plaintiff's] well being in jeopardy" by forcing plaintiff to get a haircut from Fletcher, who is a prison barber. The haircut apparently occurred without incident.

As a result of the May 17th attack, plaintiff states that he suffers from blurred vision, continuous headaches, dizzy spells, short term memory loss, nightmares, and uncontrollable fits of agitation.

Plaintiff seeks monetary damages from all of the defendants. In addition, plaintiff seeks an

3

"independent mental health therapist," transfer to a medium security prison, the termination of various defendants from employment, and the ability to press charges against Fletcher.

## III. DISCUSSION

### A. Equitable Relief

The various forms of equitable relief that plaintiff seeks are not available in a section 1983 action. Because plaintiff is no longer confined at VSP, any order for injunctive relief against officials of that prison would be moot. *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (a prisoner's claim for injunctive relief is mooted by his transfer or release from the facility about which he complains). If plaintiff wishes to seek injunctive relief, *i.e.*, mental health treatment, he can consider filing a new lawsuit against the appropriate individuals at BSP, where plaintiff is presently confined. Plaintiff does not have a constitutional right of transfer to another jail, *Meachum v. Fano*, 427 U.S. 215, 225 (1976), and this Court lacks the power to so direct Georgia Department of Corrections' officials. Further, this Court has no jurisdiction to terminate the employment of state officials. Finally, with regard to plaintiff's requested relief that he be allowed to file criminal charges against Fletcher, an inmate has <u>no constitutional right</u> to have an individual criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir.1990).

### B. Dismissed Defendants

#### 1. Warden Danforth, Deputy Warden Orr, Lieutenants Terrell and Walker, and Sergeant Jones

Plaintiff's complaint does not allege that Warden Danforth, Deputy Warden Orr, Lieutenants Terrell and Walker, and Sergeant Jones were involved in the May 17th attack. There is no allegation that Danforth, Orr, or Terrell ever knew about the attack at all, and Walker and Jones were merely

4

notified after the incident occurred. Plaintiff's complaint does not support the conclusion that Walker or Jones should, or even could, have prevented the attack. Moreover, Walker apparently aided plaintiff by escorting him to medical.

It is possible that plaintiff believes that these defendants are liable in their capacity as supervisors. Supervisors are not responsible for the actions of subordinates under section 1983. Instead, a supervisor may be liable only if he: "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." *Gross v. White*, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)).

Because plaintiff has not alleged any of the above prerequisites for supervisory liability, it is **RECOMMENDED** that Warden Danforth, Deputy Warden Orr, Lieutenants Terrell and Walker, and Sergeant Jones be **DISMISSED** as defendants herein.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### 2. *Officer Askew*

Plaintiff has not alleged sufficient facts to state a claim against Officer Askew. While it may have been unpleasant for plaintiff to receive a haircut from his previous attacker, plaintiff alleges no injury as a result of the encounter. It is thus **RECOMMENDED** that Officer Askew be **DISMISSED** as a defendant.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### 3. *Charles Fletcher*

Plaintiff sues inmate Charles Fletcher for attacking plaintiff. In any section 1983 action, the plaintiff must allege that the act or omission was committed by a person acting under "color of state law." *Parratt v. Taylor*, 451 U.S. 527, 535, *overruled in part on other grounds*, 474 U.S. 327 (1986). Here, plaintiff has sued a fellow inmate. Inmates do not act under color of state law. While plaintiff may have a state civil cause of action against Fletcher in tort, he does not have a claim against him under section 1983. Accordingly, it is **RECOMMENDED** that Fletcher be **DISMISSED** as a defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### C. *Remaining Defendants*

Construing the complaint liberally in favor of plaintiff, as this Court is required to do at this early stage of the proceeding, the Court finds that plaintiff has alleged colorable claims for damages against Officers Patillo and Roberts. Accordingly, the Court will allow the complaint to proceed against these two defendants.

Accordingly, it is hereby **ORDERED** that service be made against defendant Officers Patillo and Roberts, and that they file a Waiver of Reply, an Answer, or such other response as may be

appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, discovery, and correspondence with the Clerk of court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and discovery filed with the Clerk a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.). The Clerk of Court

will not serve or forward copies of such motions, pleadings, discovery and correspondence on behalf of the parties.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing

counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under Local Rule 72, all prisoner complaints filed under provisions of 42 U.S.C. § 1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U.S. district judge is strictly up to the parties themselves.

After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide election forms to the parties and/or to their legal counsel, if represented. Upon receipt of

the election forms, each party shall cause the same to be executed and returned to the Clerk's Office within fifteen (15) days. Counsel may execute election forms on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the election forms on whose behalf the form is executed.

**SO ORDERED and RECOMMENDED**, this 21st day of January, 2011.

*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

cr