IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| HERMAN WILLIAMS, : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | |
| : | 7 : 10-CV-142 (HL) |
| OFFICER PATILLO, : | |
| and OFFICER ROBERTS, : | |
| : | |
| Defendants. : | |
| : | |

## RECOMMENDATION

Presently pending herein is a Motion to Dismiss filed by Defendant Steve Roberts (Doc. 13) and a Motion for Entry of Default filed by the Plaintiff (Doc. 17). The Plaintiff filed this action pursuant to 42 U.S.C. § 1983 in December 2010, raising allegations of deliberate indifference by the Defendants during Plaintiff's confinement at Valdosta State Prison. (Doc. 2).

*Exhaustion*

Defendant Roberts asserts that the Plaintiff has failed to exhaust administrative remedies as to his claims. A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 556, 570).

In regard to exhaustion of administrative remedies, the Prison Litigation Reform Act

("PLRA") mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper. Thus, if an inmate has filed an 'untimely or otherwise procedurally defective administrative grievance or appeal', he has not properly exhausted his administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 89-92 (2006).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

A review of the factual allegations in Defendant Robert's motion and the responses from the

Plaintiff reveals a conflict.  Plaintiff states in response to Defendant Roberts' motion that he filed an informal grievance and was later told by prison authorities that the grievance had been denied and no formal grievance would be provided.  (Docs. 22, 23).  Although Defendant Roberts and Plaintiff agree that Plaintiff never filed any formal grievance regarding his claims, Plaintiff asserts that he was not provided a formal grievance after the denial of the informal grievance.  Accepting Plaintiff's allegations as true, Plaintiff's claims are not subject to dismissal pursuant to the first step of the analysis.

The Defendants establish, by means of the affidavit testimony of Gail Knowles, Administrative Assistant to the Warden at Valdosta State Prison, that a grievance system was in place at Valdosta State Prison at the time of the incidents underlying this lawsuit.  (Doc. 13-2, ¶¶ 5-14).  The Defendants contend, supported by the affidavit testimony of Gail Knowles, that during Plaintiff's incarceration at Valdosta State Prison and prior to the filing of this lawsuit, Plaintiff filed informal and formal grievances, but did not grieve the May 17, 2010 incident underlying this lawsuit.  *Id.* at ¶¶ 15- 17.  Plaintiff's grievance history shows both informal and formal grievances filed by the Plaintiff both prior to and after May 2010.  (Doc. 13-4).

In response to the Defendant's motion to dismiss, the Plaintiff asserts that he filed an informal grievance, which was denied, and was told that no formal grievance would be issued, and that he thus exhausted available remedies.  Plaintiff has submitted an informal grievance receipt form to establish that he did in fact file an informal grievance regarding an incident in May 2010.  (Doc. 23-1).  However, the grievance receipt submitted by the Plaintiff makes it clear that Plaintiff did not submit his informal grievance until November 15, 2010, well outside of the ten-day period set out in the Standard Operating Procedures governing grievances in the Georgia Department of Corrections.  *Id.* ("The Informal Grievance Form must be filed no later than 10 calendar days from the date the offender knew, or should have known, of the facts giving rise to the grievance."  S.O.P IIB05-0001,

VI. B. 5).  Plaintiff admits in his Complaint that this grievance was denied.

The Court finds that the Plaintiff has not exhausted the claims underlying this lawsuit, in that, he has not utilized all available remedies to grieve the alleged offenses of Defendant Roberts.  The affidavit testimony in support of the Defendant's motion to dismiss establishes the presence of a grievance system at Valdosta State Prison and establishes that the Plaintiff filed no formal grievance prior to filing this lawsuit regarding the events in question during his confinement at Valdosta Prison System.

The evidence before the Court shows that Plaintiff did not properly pursue and exhaust the grievance procedure, leaving administrative remedies unexhausted.  The PLRA "requires proper exhaustion".  *Woodford*, 548 U.S. at 92.  In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must comply with any administrative "deadlines and other critical procedural rules" in place.  *Id.*  Exhaustion of the grievance system by means of filing some form of proper grievance is required.  *Parzyck v. Prison Health Services, Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010) (citing *Jones v. Bock*, 549 U.S. 199, 219 (2007)).  Plaintiff clearly did not file a proper informal grievance, as the informal grievance was filed almost six (6) months after the alleged events underlying this lawsuit.  Additionally, Plaintiff makes no showing that he had good cause to file an out-of-time grievance.  *See Bryant v. Rich*, 530 F.3d 1368, 1379 (11th Cir. 2008) (recognizing that plaintiff "could have filed an out-of-time grievance [once transferred to another prison] and then shown good cause for its untimeliness.  Because he did not, [the plaintiff] failed to exhaust an administrative remedy that was available to him.").  Additionally, and as Plaintiff concedes, Plaintiff did not file any formal grievance or appeal as to the subject May 2010 incident.  The Court finds that Defendant Roberts has met his burden to establish that the Plaintiff failed to exhaust his administrative remedies as to the claims underlying this lawsuit.

Moreover, in order to demonstrate that administrative remedies were unavailable, the Plaintiff

must point to specific facts showing that officials prohibited or blocked his use of the grievance process. *Miller v. Tanner*, 196 F.3d 1190, 1194 (11th Cir. 1999) (inmate was not required to file an appeal after being told unequivocally, and in writing, that appeal was precluded; plaintiff produced memorandum denying grievance and informing plaintiff that no appeal was available); *Turner*, 541 F.3d at 1085 (prison official's serious threats of retaliation against an inmate for pursuing a grievance render administrative remedies unavailable).  Herein, there is no indication that Plaintiff's access to the grievance process was prohibited by prison officials, by means of threat or otherwise.

*Motion for entry of default*

Plaintiff has filed a Motion for Entry of Default (Doc. 17), wherein he seeks the entry of default against Defendant Patillo.  By Order dated April 19, 2011 (Doc. 20), the Court directed the Plaintiff to provide a current address for Defendant Patillo within 21 days of the date of the Order, and noted that failure to provide a current address for Defendant Patillo could result in the dismissal of Patillo from this action.  Within this Order, the Court noted that Defendants Patillo and Roberts were ordered served by Order dated January 21, 2011 (Doc. 8).  Based on Defendant Patillo's failure to respond to a waiver of service request, personal service was attempted on Defendant Patillo in April of 2011.  (Docs. 15, 19).  The Process Receipt and Return form for Defendant Patillo was filed with the Court, verifying that the U.S. Marshals Service was unable to locate Defendant Patillo, and bearing the notation that Patillo "[n]o longer works for the State of Georgia. No information".  (Doc. 19).

Although Plaintiff has engaged in further correspondence with the Court since the issuance of the April 19, 2011 Order, Plaintiff has failed to provide the Court with a current address for Defendant Patillo.  (Docs. 22, 23, 26, 27).

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure,

> [i]f a defendant is not served within 120 days after the complaint is

>filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"Under Rule 4[(m)], dismissal is mandatory if service is not perfected within 120 days of filing the complaint unless good cause is shown."  *Schnabel v. Wells,* 922 F.2d 726, 728 (11th Cir. 1991), *superseded in part by rule as stated in Horenkamp v. Van Winkle and Co.*, 402 F.3d 1129, 1132, n.2 (11th Cir. 2005).  The standard of good cause is equivalent to excusable neglect and requires a showing of good faith and some reasonable basis for failure to timely serve the Complaint, a basis that is more than simple inadvertence or mistake.  *Steinberg v. Barclay's Nominees (Branches) Ltd.*, 2007 WL 4500395 *2 (S.D.Fla., Sept. 30, 2008); *Madison v. BP Oil, Co.,* 928 F. Supp. 1132, 1137 (S.D.Ala. 1996).  In general, good cause is found to exist only when some "outside factor . . . rather than inadvertence or negligence, prevented service."  *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007).

The Court finds that the Plaintiff has failed to establish good cause for his failure to provide the Court with a valid current address for Defendant Patillo so that service might be perfected.  The Plaintiff has failed to establish a reasonable basis for noncompliance with Rule 4(m).  *Accord Zachery v. Thigpen,* 895 F. Supp. 1472, 1477 (M.D.Al. 1995).  The Court notes that neither absence of prejudice alone, inadvertent error, nor ignorance of the rule governing service will excuse a litigant's failure to effect timely service.  *Madison*, 928 F. Supp. at 1137.

The Eleventh Circuit has extended the power of a district court to grant extensions under Rule 4(m) even in the absence of good cause, if special circumstances or the facts of the case at issue warrant an extension.  *Horenkamp*, 402 F.3d at 1132-33 (service period could be extended when action could not be refiled due to the running of the statute of limitations, and defendant had notice

of the suit and had been properly served); *Lepone-Dempsey*, 476 F.3d at 1282 (even if good cause not shown, courts should consider special factors such as running of the statute of limitations or defendant's evasion of service in deciding whether to extend service period); *Fellner v. Cameron*, 2011 WL 4382086 (M.D.Fla., Sept. 30, 2011) (court has discretion to extend time for service of process in absence of good cause showing).  However, as the 120-day period for service herein has long been expired and no address has been provided for the named Defendant, and as the alleged incident happened on May 17, 2010, the Court finds that no special factor warrants an extension of the service period herein.

*Conclusion*

Inasmuch as the Plaintiff has failed to fully exhaust administrative remedies as to claims brought against Defendant Roberts, it is the recommendation of the undersigned that Defendant Roberts' Motion to Dismiss be **GRANTED**.   Additionally, inasmuch as the Plaintiff has failed to establish cause as to why this matter should proceed against Defendant Patillo and further has failed to provide a current address for this Defendant, it is the recommendation of the undersigned that Plaintiff's Motion for Entry of Default be **DENIED** and that this matter also be **DISMISSED** as to Defendant Patillo.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 13th day of December, 2011.

*s/  THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb